# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

MARTIN J. SUNDERLIN, as Receiver, etc., of WILLIAM RICHARDSON, Plaintiff, v. THE ÆTNA INSURANCE COMPANY OF NEW YORK, Defendant.

*Insurance — when a subsequent policy does not cover the same property, so as to vitiate a former policy thereon containing a condition against further insurance.*

Motion for a new trial on exceptions ordered to be heard in the first instance at General Term, after a nonsuit directed at the circuit.

The action was brought by the plaintiff, as receiver of the property and effects of William Richardson, to recover upon a policy of insurance, executed by the defendant upon a tannery, in the village of Watkins, N. Y., consisting of a building and machinery connected therewith, and attached thereto as an entirety. The policy purports to " insure William Richardson against loss or damage by fire, to the amount of $1,500 ; $1,250 on his frame building detached, occupied by the assured as a tannery, situate on the corner of Decatur and Rood streets, Watkins, Schuyler county, N. Y. ; $150 on engine, boiler and pumps ; $100 on his bark mill, machinery, shafting and iron pipe, all contained therein."

The company defended on the ground that the policy had been avoided by reason of Richardson's effecting other insurance with the National Standard and Mechanics and Traders' Insurance Companies on the property covered by the defendant's policy without its consent being indorsed on the policy, as required by its conditions.

The court at General Term said : " The principle decided in *Merrill* v. *Agricultural Insurance Company* (73 N. Y., 452) leads

to the conclusion that, by the law as settled in this State, if the insurances in the Standard and in the Mechanics and Traders' company were not on the second and third items in the policy, then the policy was not void as to those items by reason of the additional insurance. The question then comes up, did those insurances apply to the second and third items of the policy in question.

"That policy insured $1,250 on his frame building detached, occupied by assured as a tannery, * * $150 on engine, boiler and pumps, and $100 on bark mill, machinery, shafting and iron pipe, all contained therein. The policy in the National company used the same language. Those in the Standard and in the Mechanics and Traders' described the property insured as follows : '$1,000 on his frame building detached, occupied by assured as a tannery.' Thus these two policies used the very same language as that used in the first item of the policy in question, and omitted the description of the second and third items, viz., the engine, etc., and the machinery, etc The fair construction is that these two policies applied only to the building. Their language is such. They insure 'the frame building,' nothing more. Its use is described, because it might be important to know the mode of use. But the policies do not even say that they insure the tannery as such. They assure only 'the frame building.' In *Bigler* v. *N. Y. C. Ins. Co.*, (20 Barb., 635), cited by defendant, the insurance was on the plaintiff's 'steam saw mill,' and those words were held to include the machinery. But the language in these policies is different. The parties seem to have had simply the frame building in view, and not the engine or machinery."

*B. W. & C. M. Woodward*, for the plaintiff.   *John J. Van Allen*, for the defendant.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and FOLLETT, JJ.

Motion for new trial granted, costs to abide event.